# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

GLORIA MAWAZO, individually and as Administratrix
of the Estate of ABDUL SHARIFU
a/k/a ABDUL SHARIFU SR., deceased
1517 Teall Avenue                                    Index No.
Syracuse, New York 13203

**SUMMONS**

PHYLLIS E. JACKSON, as Administratrix of the
Estate of LEDRISE N. CURRY, deceased
73 Newburgh Avenue
Buffalo, New York 14201

                        Plaintiffs,

    CITY OF BUFFALO                                Plaintiffs' venue is based on the
    1100 City Hall                                 location of the municipal defendants
    Buffalo, New York 14202

    MAYOR BYRON BROWN
    1100 City Hall
    Buffalo, New York 14202

    COUNTY OF ERIE
    Edward A. Rath County Office Building
    95 Franklin Street
    Buffalo, New York 14202

    COUNTY EXECUTIVE MARK POLONCARZ
    County of Erie
    Edward A. Rath County Office Building
    95 Franklin Street
    Buffalo, New York 14202

                        Defendants.
_____

TO THE ABOVE-NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of
appearance, on the Plaintiffs' attorney within TWENTY (20) DAYS after the service of this
Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is
complete if this Summons is not personally delivered to you within the State of New York); and

1

FILED: ERIE COUNTY CLERK 03/22/2024 11:52 PM                    INDEX NO. 804324/2024

NYSCEF DOC. NO. 1                                                              RECEIVED NYSCEF: 03/22/2024

in case of your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the Complaint.

DATED:     Buffalo, New York
               March 21, 2024                         **PENBERTHY LAW GROUP LLP**

By: */s/ Brittany L. Penberthy, Esq.*
BRITTANY L. PENBERTHY, ESQ.
Attorneys for Plaintiffs
Office and P.O. Address
227 Niagara Street
Buffalo, New York 14201
(716) 803-8402

2

FILED: ERIE COUNTY CLERK 03/22/2024 11:52 PM
NYSCEF DOC. NO. 1

INDEX NO. 804324/2024
RECEIVED NYSCEF: 03/22/2024

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

GLORIA MAWAZO, individually and as Administratrix
of the Estate of ABDUL SHARIFU
a/k/a ABDUL SHARIFU SR., deceased
1517 Teall Avenue                                  Index No.
Syracuse, New York 13203, and

PHYLLIS E. JACKSON, as Administratrix of the
Estate of LEDRISE N. CURRY, deceased
73 Newburgh Avenue
Buffalo, New York 14201,

                                                  **COMPLAINT**

                      Plaintiffs,

CITY OF BUFFALO
1100 City Hall
Buffalo, New York 14202

MAYOR BYRON BROWN
City of Buffalo
1100 City Hall
Buffalo, New York 14202

COUNTY OF ERIE
Edward A. Rath County Office Building
95 Franklin Street
Buffalo, New York 14202

COUNTY EXECUTIVE MARK POLONCARZ
County of Erie
Edward A. Rath County Office Building
95 Franklin Street
Buffalo, New York 14202

                    Defendants.

_____

      Plaintiffs, above named, by their attorneys PENBERTHY LAW GROUP LLP, for their

Complaint against the defendants, CITY OF BUFFALO, MAYOR BYRON BROWN, COUNTY

OF ERIE, and COUNTY EXECUTIVE MARK POLONCARZ, allege as follows:

3

INDEX NO. 804324/2024

## PARTIES

1.  Plaintiff GLORIA MAWAZO, individually and as Administratrix of the estate of ABDUL SHARIFU, a/k/a ABDUL SHARIFU SR., deceased, at all times hereinafter mentioned, was a resident of the City of Buffalo, County of Erie and State of New York.

2.  Decedent ABDUL SHARIFU, a/k/a ABDUL SHARIFU SR. (hereinafter referred to as "SHARIFU"), was the husband of Plaintiff GLORIA MAWAZO, pregnant with the child of SHARIFU at the time of his death, and at all times relevant to this Complaint, was a resident of the City of Buffalo, County of Erie and State of New York.

3.  Following the untimely death of decedent ABDUL SHARIFU, on or about March 21, 2024, the Erie County Surrogate issued Plaintiff, GLORIA MAWAZO, Letters of Administration authorizing her to pursue the instant causes of action set forth in this Complaint.

4.  Plaintiff PHYLLIS E. JACKSON, as Administratrix of the estate of LEDRISE N. CURRY, deceased, at all times hereinafter mentioned, was a resident of the City of Buffalo, County of Erie and State of New York.

5.  Decedent LEDRISE N. CURRY (hereinafter referred to as "CURRY"), was the daughter of Plaintiff PHYLLIS E. JACKSON, now serving as custodian of Decedent CURRY's minor child, and at all times relevant to this Complaint, was a resident of the City of Buffalo, County of Erie and State of New York.

6.  Following the untimely death of decedent LEDRISE N. CURRY, on or about January 2, 2024, the Erie County Surrogate issued Plaintiff, PHYLLIS E. JACKSON, Letters of Administration authorizing her to pursue the instant causes of action set forth in this Complaint.[1]

---

[1] See General Municipal Law § 50-e(1)(a).

4

7.  Defendant CITY OF BUFFALO is and was at all times relevant a municipal corporation, created, organized, and existing under the laws of the State of New York.

8.  Defendant MAYOR BYRON BROWN (hereinafter referred to as "BROWN") is and was at all times relevant, the elected mayor and chief executive officer and agent of Defendant CITY OF BUFFALO.

9.  Defendant COUNTY OF ERIE is and was at all times relevant a municipal corporation, created, organized, and existing under the laws of the State of New York.

10. Defendant COUNTY EXECUTIVE MARK POLONCARZ (hereinafter referred to as "POLONCARZ") is and was at all times relevant, the elected county executive and chief executive officer and agent of Defendant COUNTY OF ERIE.

11. At all times relevant herein, Defendants POLONCARZ and BROWN were the chief policy makers of their respective municipal entities.

## INTRODUCTION

12. Plaintiff GLORIA MAWAZO, individually and as Administratrix of the estate of ABDUL SHARIFU, a/k/a ABDUL SHARIFU SR, brings this lawsuit for the wrongful death of her husband, who was tragically succumbed to inclement weather conditions and deadly travel hazards when he left his home to purchase groceries during a snow storm on December 24, 2022. SHARIFU's death was a result, in part, of the Defendants' negligence, lack of adequate warning, and lack of adequate preparedness.

13. Plaintiff PHYLLIS E. JACKSON, as Administratrix of the estate of LEDRISE N. CURRY, brings this lawsuit for the wrongful death of her daughter, who was suffered a fatal asthma attack, without proper medical attention or emergent services as a result of unattended road conditions on

5

December 26, 2022. CURRY's death was a result, in part, of the Defendants' negligence and lack of adequate preparedness.

## STATEMENT OF FACTS

### *I.    The Risk of Severity and Impact of Blizzard Was Known to Defendants*

14. The City of Buffalo is no stranger to snowstorms. In fact, Buffalo, New York is one of the top 5 snowiest cities in the United States of America. [2]

15. Nonetheless, the Blizzard of 2022 involved a lack of preparedness, failures to adequately warn residents, including those most vulnerable and those that are Limited English Proficient (LEP), and untimely and insufficient storm response efforts, all of which contributed to the deaths at issue in this Complaint.

16. The threat of blizzards and their accompanying high winds and chilling conditions is not foreign to the City of Buffalo. Although varying in severity, a handful of winter storms endanger the city each year. Most notably, the generational storm coined the "Blizzard of 1977."

17.  Although generational storms are not as common, the Defendants familiar with the random patterns and the increasing severity of winter storms. In just the month prior to the Blizzard of 2022, the City of Buffalo was hit with five-feet of snow.

18. On December 19, 2022, National Weather Service Buffalo (NWSB) predicted a major storm beginning Thursday and continuing through the holiday weekend.

19. On December 21, 2022 NWSB further predicted a "once-in-a-generation storm." A mere winter storm watch was produced by CITY OF BUFFALO through Facebook and Twitter accounts only.

---

[2] "The Snowiest Cities in the U.S." (binghamtonhomepage.com); available at:
https://www.binghamtonhomepage.com/news/the-snowiest-cities-in-the-u-s/

20. The next day, December 22, 2022, Defendant BROWN held a press conference and stated he would implement a State of Emergency on December 23, 2022 beginning at 7:00am. Upon information and belief, there was no driving advisory/bans implemented by Defendant COUNTY OF ERIE at that time.

21. At approximately 8:15pm on December 22, 2022, Defendant COUNTY OF ERIE announced a travel advisory. A travel advisory does not prohibit driving, it is merely a recommendation.

22. The Blizzard of 2022 conditions began in Buffalo Friday morning, December 23, and continued into the evening on Saturday, December 24, 2022.[3]

23. By 9:00am the morning of December 23, 2022, viability was reported as "near zero," wind speeds were reported as 45 mph with gusts up to 69mph, and nearly 22.3 inches of snow had fallen at the Buffalo Airport.

24. Nearly four days after learning of the storm's capabilities, a travel ban was implemented in Erie County at approximately 9:30am on December 23, 2022.

25. The snowstorm that occurred in December of 2022 (referred herein as "Blizzard of 2022") has been "coined" many things; "generational," "challenging," "devastating," "one-of-a-kind," but most importantly, "*deadly*. " In total, the Blizzard of 2022 claimed the lives of at least 47 persons.[4]

26. Defendants failed to implement policies and procedures for proper preparedness and response activity to the Blizzard of 2022.

---

[3] "December 23-27, 2022 Buffalo Blizzard and Northeast Coastal Flood Event After-Action Review." April 2023.; available at:
https://www.weather.gov/media/publications/assessments/ER%20AAR%20Buffalo%20Blizzard%20and%20NE%2 0Coastal%20Flooding.pdf
[4] "Once in a Generation": The 2022 Buffalo Blizzard – The Front Page (ametsoc.org); available at:
https://blog.ametsoc.org/2023/10/12/once-in-a-generation-the-2022-buffalo-
blizzard/#:~:text=Hundreds%20of%20power%20poles%20fell,response%2C%20according%20to%20Erie%20Coun ty.

7

27. The risk of the subject blizzard was not theoretical; extreme winter conditions were known by the State, local municipalities, and weather experts, prior its arrival.

28. Beginning in the morning of December 23, 2022, at the start of the blizzard, a county-wide travel ban for portions of western New York was instituted.

29. Importantly though, experts and leaders were informed of the anticipated significant low pressure system in the northeastern United States one week in advance, wherein Buffalo's Weather Forecast Office ("WFO") disclosed the snow event in their Area Forecast Discussion (AFD) on Saturday, December 17, 6 days before the blizzard began.[5]

30. In storm analysis, experts found "while snowfall exceeded initial expectations, the message of blizzard conditions, heavy snow, and high winds was well communicated in all hazard products *well before the event occurred.* Both for timing and storm impacts, WFO Buffalo provided an accurate forecast of this event."[6] (*emphasis added*).

31. Defendants knew and/or had notice of the harm posed to residents, including CURRY and SHARIFU, in the Blizzard of 2022.

32. The failure of Defendants to create an adequate plan for the needs of Buffalonians that are Limited English Proficient (LEP) creates severe hardship and can be life threatening to them during emergencies—as painfully and fatally evident by the Blizzard of 2022.

33. Although the Defendants had broadcast emergency warnings for the general population, they failed to accommodate approximately one-fifth (1/5) of their overall residents, or those who do not speak English as a primary language. According to Defendant City of Buffalo,

---

[5] "December 23-27, 2022 Buffalo Blizzard and Northeast Coastal Flood Event After-Action Review." April 2023.; available at:
https://www.weather.gov/media/publications/assessments/ER%20AAR%20Buffalo%20Blizzard%20and%20NE%20Coastal%20Flooding.pdf
[6] Id.

8

"Approximately 17% of Buffalo residents do not speak English as their primary language and have limited ability to read, speak, write, or understand English." [7]

34. Defendants failed to adequately plan for notifying Limited English Proficient residents and subsequently failed to adequately warn such vulnerable citizens

35. Upon information and belief, in the Blizzard of 2022, emergency notifications that were issued by Defendants were often inaccessible and useless for Limited English Proficient (LEP) Buffalonians. Notifications were not only vague, but issued to limited sources such as social media, physical signage postings, and television announcement. Announcements produced by the Defendants lacked interpretation and/or translations into *any* language other than English. Additionally, only 16% of residences were enrolled in the City's text messaging alert system, BUFFALERT, which was a main form of communication during emergencies. [8] As a result, many Buffalonians left their home during the Blizzard of 2022 without adequate warning of the severity of the storm. Even those who did not leave their homes were subject to danger as many were unaware of available lifesaving resources, such as warming centers.

36. Evident by the warnings provided in English directly by Defendants prior to the deaths at issue, Defendants knew and/or had notice of the potential harm posed to citizens of the City of Buffalo due to the impending winter storm of December 2022.

37. Despite possessing this knowledge, Defendants failed to timely and adequately notify its residents of travel bans and the severity of the storm, including SHARIFU.

---

[7] About Language & Disability Access Plan | Buffalo, NY (buffalony.gov); available at:
https://www.buffalony.gov/1551/About-Language-Disability-Access-Plan
[8] "Lessons Learned from the Buffalo Blizzard" (nyu.edu); available at:
https://wagner.nyu.edu/files/faculty/publications/NYU%20Buffalo%20Blizzard%20Report%20-%20June2023_0.pdf

9

38. Defendants failed to adequately notice not only the general public, but failed to take steps to ensure that the City's vulnerable citizens, such as those that are LEP, were duly advised of travel bans and the severity of the storm. This failure was not only a significant oversight but had a deadly and irreversible outcome.

39. Furthermore, the failure of Defendants to create an adequate plan to promptly clear roads or provide alternate travel methods for, minimally, proper emergency personnel, can be life threatening during emergencies—as painfully and fatally evident by the Blizzard of 2022.

40. Upon information and belief, Defendants failed to properly prepare and coordinate snow removal operations for its streets, with reports holding Defendants CITY OF BUFFALO and BROWN more specifically failed to prepare an adequate snow removal plan to address the Blizzard of 2022.

41. According to Defendant POLONCARZ, "The mayor is not going to be happy to hear about it, but storm after storm, after storm, the city unfortunately, is the last one to be open and that shouldn't be the case, it's embarrassing to tell you the truth."[9]

42. Defendant BROWN alternatively stated, "The loss of life that we saw wasn't based on equipment. We think it was based on communication."[10]

43. However, Defendant CITY OF BUFFALO's "2022-2023 Snow Removal Standard Operating Procedures" failed to include any mention of measures for the blizzard conditions Plaintiffs experienced.

---

[9] "Mark Poloncarz Calls Out Buffalo Mayor's Handling of Snow Removal (wblk.com)", December 28, 2022; available at: https://wblk.com/mark-poloncarz-byron-brown-buffalo-snow-removal/.
[10] "Report: Buffalo's snow removal, communications fell short during deadly blizzard", newyorkupstate.com, June 3, 2023; available at: https://www.newyorkupstate.com/news/2023/06/report-buffalos-snow-removal-communications-fell-short-during-deadly-blizzard.html.

10

FILED: ERIE COUNTY CLERK 03/22/2024 11:52 PM          INDEX NO. 804324/2024

NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 03/22/2024

44. Upon information and belief, before, during, and after the Blizzard of 2022, Defendants had discussions relative to Defendant COUNTY OF ERIE handling or assisting with snow removal operations for Defendant CITY OF BUFFALO.

45. Upon information and belief, before, during, and after the Blizzard of 2022, Defendants COUNTY OF ERIE and County Executive POLONCARZ were aware of Defendant CITY OF BUFFALO's deficient snow remedial efforts, including the clearance of its streets, and failed to remedy and/or properly address the same.

46. Upon information and belief, before, during, and after the Blizzard of 2022, Defendants BROWN and CITY OF BUFFALO refused to allow proper assistance, including by Defendants COUNTY OF ERIE and County Executive POLONCARZ, in snow removal efforts, contributing to the deaths of Plaintiff decedents.

47. Failing to adequately remove snow from Defendant CITY OF BUFFALO's streets impeded emergency personnel from appropriately responding to calls, including that relative to Plaintiff CURRY, and significantly impacted travel for residents, including Plaintiff SHARIFU.

48. Upon information and belief, emergency services were unavailable across portions of Erie County, including Defendant CITY OF BUFFALO, during parts of the blizzard due to road conditions, with Defendant POLONCARZ reporting two-thirds of emergency vehicles in the worst affected areas became stranded.

49. Defendants CITY OF BUFFALO, MAYOR BYRON BROWN, COUNTY OF ERIE, and COUNTY EXECUTIVE MARK POLONCARZ had a duty to mitigate and remedy conditions of the storm and failed, causing fatal injury to Plaintiffs.

11

50. Defendants failed in the disaster mitigation necessary to protect its citizens; failed in emergency preparedness; and failed in providing appropriate response policies to reduce or prevent the harms alleged herein.

51. As many have concluded, Defendants' "snow removal, communications fell short during [the] deadly blizzard."[11]

### II.    The loss of Abdul Sharifu

52. Plaintiff GLORIA MAWAZO, individually and as Administratrix of the estate of ABDUL SHARIFU, a/k/a ABDUL SHARIFU SR., deceased, brings the subject claim following the unexpected loss of decedent.

53. Upon information and belief, at approximately 12 PM on December 24, 2022, ABDUL SHARIFU left his home within the City of Buffalo, County of Erie and State of New York to purchase groceries for a neighbor.

54. At this point, the Blizzard of 2022 had already begun, however SHARIFU had limited English proficiency and was not properly made aware of the severity of the storm.

55. By approximately 8:00am, on the morning of SHARIFU's death on December 24, 2022, two to three feet of snow had fallen with the streets of Buffalo and at least 19,250 Buffalo National Grid customers were without power.

56. Without access to power, a majority of City of Buffalo residents were unable to receive warnings administered by Defendants.

57. A majority of Defendants' warnings were broadcasted on television, radio announcements, and through the City's text messaging alert system "BUFFALERT."

---

[11] "Report: Buffalo's snow removal, communications fell short during deadly blizzard", newyorkupstate.com, June 3, 2023; available at: https://www.newyorkupstate.com/news/2023/06/report-buffalos-snow-removal-communications-fell-short-during-deadly-blizzard.html.

12

58. Television and radio announcements were inadequate warnings for City of Buffalo residents who had lost power and did not have access to these forms.

59. Additionally, only 16% of City of Buffalo residents were enrolled in CITY OF BUFFALO's alert system "BUFFALERT" in December of 2022.

60. Moreover, the warnings provided by Defendants that could have reached residents were not inclusive to Limited English Proficient residents.

61. Defendants did not provide or otherwise accommodate Limited English Proficient residents in distributing alerts to the City of Buffalo residents.

62. Alerts were only distributed in the English language and did not include any other accessibility for Limited English Proficient (LEP) residents.

63. In fact, under New York State Language Access Law, Section 202-A, Executive Chapter 18, Article 10; all State agencies that interact with the public must provide interpretation services and translate vital documents into the top 12 most commonly spoken non-English languages among LEP New York citizens based on Census data.

64. Additionally, the warnings provided by Defendants lacked sufficient information to provide adequate warning of the severity of the weather conditions.

65. Defendants failed to specify the deadly implications of the current or predicted weather conditions.

66. Defendants did not coordinate communication plans regarding driving ban mandates. Announcements came from different levels of government at different times throughout the span of the Blizzard of 2022.

13

FILED: ERIE COUNTY CLERK 03/22/2024 11:52 PM                    INDEX NO. 804324/2024
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 03/22/2024

67. CITY OF BUFFALO alerts focused only on car-based transportation and failed to adequately warn against the dangers of public transit, walking and other modes of transportation during the span of the storm.

68. Upon information and belief, in leaving his residence, SHARIFU encountered significant snow fall accumulations that impacted his vehicular travel.

69. Upon information and belief, SHARIFU was discovered at approximately 10 PM on December 24, 2022, breathing, but unconscious, outside his vehicle, and in the snow.

70. Passersbys, in spotting the terrifying state of SHARIFU, immediately attempted to transport him to a local hospital.

71. Upon information and belief, at approximately 11:30 PM on December 24, 2022, SHARIFU was declared deceased at John R. Oishei Children's Hospital, claiming contributions of hypothermia and exposure, after being denied access to Buffalo General Hospital.

72. Upon information and belief, Decedent SHARIFU suffered unimaginable fear and pre-death terror recognizing Defendants had failed to properly prevent against or tend to the harms and hazards alleged herein.

### III. The loss of Ledrise N. Curry

73. Plaintiff PHYLLIS E. JACKSON, as Administratrix of the estate of LEDRISE N. CURRY, deceased, brings the subject claim following the unexpected loss of decedent.

74. Upon information and belief, on December 26, 2022, decedent LEDRISE N. CURRY suffered an asthma attack within her home on Newburgh Avenue within the City of Buffalo, County of Erie, and State of New York, with her family responding by contacting emergency personnel via 911.

14

FILED: ERIE COUNTY CLERK 03/22/2024 11:52 PM        INDEX NO. 804324/2024
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 03/22/2024

75. As a result of the Blizzard of 2022, Decedent CURRY's street was not properly and timely cleared, resulting in a delay in treatment in response to the 911 call.

76. Defendants failed to timely remove snow to afford Decedent CURRY an opportunity to tend to their emergent medical needs.

77. Defendants failed to provide a mechanism or alternative for emergency operations to travel down Decedent CURRY's street, and others in the City of Buffalo, in adequate time. The same were too impacted with significant snowfall that Defendants had failed to address.

78. By the time emergency personnel were able to arrive at Decedent CURRY's address, she had expired.

79. Upon information and belief, Decedent CURRY suffered unimaginable fear and pre-death terror recognizing Defendants had failed to properly prevent against or tend to the harms and hazards alleged herein.

## JURISDICTION

80. This Court has jurisdiction over all Defendants in that, as alleged herein, Plaintiffs' causes of action against Defendants arise from transactions and occurrences which occurred in the City of Buffalo, County of Erie, and State of New York, and otherwise from Defendants' tortious conduct within this State.

81. The condition precedent to suit concerning New York General Municipal Law §50-e's Notice of Claim requirements have been performed relative to Plaintiff GLORIA MAWAZO individually and as Administratrix of the estate of ABDUL SHARIFU, a/k/a ABDUL SHARIFU SR., who subsequently submitted to a General Municipal Law § 50- h examination. To date, Defendants have failed, refused, or neglected to settle the instant claim, and at least thirty days have elapsed since service of said Notice of Claim.

FILED: ERIE COUNTY CLERK 03/22/2024 11:52 PM          INDEX NO. 804324/2024

NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 03/22/2024

82. The condition precedent to suit concerning New York General Municipal Law §50-e's Notice of Claim requirements have been performed relative to Plaintiff PHYLLIS E. JACKSON, as Administratrix of the estate of LEDRISE N. CURRY, having been personally served on March 21, 2024. To date, Defendants have failed, refused, or neglected to settle the instant claim.

83. Such Notice of Claims set forth the name and post office address of Plaintiffs, the name and post office address of her attorneys, the nature of the claims, the time when, the place where, and the manner in which the claim arose, together with the items of damages and injuries known to exist, and after receipt of said Notice of Claim, as aforesaid, Defendants have failed and neglected to adjust or pay said claim. Said Notice of Claims was served upon Defendants CITY OF BUFFALO and COUNTY OF ERIE within ninety (90) days of the date upon which the claim arose, or alternatively within ninety (90) days of the date upon the estate was created.

### AS AND FOR A FIRST CAUSE OF ACTION OF NEGLIGENCE AGAINST DEFENDANTS, ABOVE-NAMED, PLAINTIFFS ALLEGES:

84. Plaintiffs incorporate and repeat all the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

85. Defendants had specific knowledge of the risk of the Blizzard of 2022 and were informed several days before of the severity and threat posed.

86. Defendants subsequently failed to take action in a timely or effective manner.

87. By the time Defendants attempted to notify the public, severe weather conditions had already consumed the City of Buffalo and left masses of citizens without access to necessary resources or services.

88. Defendants failed to property advise its residents of the severity of the storm, or its aftermath.

16

89. Defendants were negligent in all phases of the disaster cycle, including mitigation, preparedness, response, and recovery.

90. Defendants owed the public, decedents, and their survivors the duty to exercise reasonable care in executing emergency procedures, including but not limited to:

      a. Providing adequate notice or warning to the public of the deadly risk posed by the Blizzard of 2022;

      b. Providing adequate notice or warning that explained and/or detailed the severity of the Blizzard of 2022;

      c. Providing adequate notice or warnings in a timely and/or coordinated manner; and

      d. Providing adequate notice or warnings in language accessible services, for residents whom are limited English proficient;

      e. Providing adequate information regarding warming shelters and/or instructions for residents in the event of an emergency; and

      f. Providing adequate measures for disaster remedial efforts, including prompt snow removal from courses of travel.

91. As set forth in the foregoing paragraphs, Defendants breached each and all of these duties owed to Plaintiff decedent and their survivors.

92. Further, Defendants had a special relationship with the decedent SHARIFU.

93. Decedent SHARIFU belonged to a class for whose benefit a statute has been enacted, as a Limited English Proficient individual.

94. Defendants took control of notifying the public regarding a known and dangerous safety condition—the Blizzard of 2022, but failed to properly advise those of Limited English Proficiency.

17

95. Defendants knew or should have known that residents of Buffalo, like SHARIFU, would foreseeably suffer serious injury or death as a result of Defendants' failure to exercise reasonable and ordinary care.

96. As a direct and proximate result of Defendants' carelessness and negligence, SHARIFU and CURRY suffered death and significant pre-death terror.

97. Decedents SHARIFU and CURRY endured substantial conscious pain and suffering, both physical and emotional in nature; was physically, emotionally, and economically injured and suffered severe pecuniary loss. Decedents' survivors also suffered tremendous anguish and emotional pain and suffering. The injuries and damages alleged herein are permanent and will continue into the future.

98. Wherefore, Plaintiffs pray for judgment as herein set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION UNDER 24 U.S.C. SECTON 1983— TITLE VII AGAINST DEFENDANTS, ABOVE-NAMED, THE PLAINTIFF, GLORIA MAWAZO, ALLEGES:

99. Plaintiffs incorporates and repeats all the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

100.    As a Limited English Proficient citizen, Defendants owed a duty to protect decedent SHARIFU under the Due Process Clause under the Fourteenth Amendment.

101.    Moreover, the actions and/or lack thereof, of Defendants with respect to the Blizzard of 2022 created a danger to Decedent SHARIFU.

102.    Defendants use of state authority in their emergency planning and executing, not considering specific language barriers, created a specific danger to Decedent SHARIFU by not properly protecting him from an existing danger posed by the Blizzard of 2022.

FILED: ERIE COUNTY CLERK 03/22/2024 11:52 PM

NYSCEF DOC. NO. 1

INDEX NO. 804324/2024

RECEIVED NYSCEF: 03/22/2024

103.     The harm created by Defendants was more than a mere failure to warn of a threat. Defendants utterly disregarded their vulnerable citizens and made Limited English Proficient residents more vulnerable to danger.

104.     The harm created by Defendants was foreseeable and fairly direct. The dangers posed by the Blizzard of 2022 were known by Defendants, and who were aware of the demographics of the citizens within the City of Buffalo.

105.     Failure to incorporate additional measures to adequately warn Limited English Proficient residents of the danger posed by the Blizzard of 2022 had a foreseeable harm to those who could not digest the crucial information needed to stay alive.

106.     Further, Defendants failed accommodate one-fifth (1/5) of the total resident of the City of Buffalo, those who were Limited English Proficient.

107.     Failure to make these accommodations, in combination with other failures to adequately warn, constitutes a shock to the conscience.

108.     A relationship existed with between Defendants and decedent SHARIFU, in that he was Limited English Proficient citizen residing with the City of Buffalo, County of Erie, and would be a foreseeable victim.

109.     SHARIFU was not provided crucial information in a life-or-death situation. Had Defendants provided decedent SHARIFU adequate warning, in a language or means he could understand, he could have known the dangers of venturing out into the storm.

110.     Had Defendants adequately warned decedent SHARIFU, he would have been in the same position as the general public, but he was not.

111.     The harm suffered by decedent SHARIFU was different than that suffered to the general public. Defendants made efforts to notify English speaking residents and mostly only them,

19

INDEX NO. 804324/2024
NYSCEF DOC. NO. 1                                                         RECEIVED NYSCEF: 03/22/2024

therein disregarding decedent SHARIFU and left him without knowledge or understanding, utterly

vulnerable in a deadly situation.

112.     Wherefore, Plaintiffs pray for judgment as herein set forth below.

### AND AS FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR WRONGFUL DEATH, PLAINTIFFS ALLEGE AS FOLLOWS:

113.     Plaintiffs incorporates and repeats all the above paragraphs in their entirety with

the same force and effect as if set forth fully herein.

114.     Decedents left surviving minor children.

115.     Decedents' next of kin were dependent upon Decedent for support and

maintenance, which they are now deprived of as a result of the aforesaid incident.

116.     As a result of the aforesaid incident, medical, funeral, and burial expenses have

been incurred.

117.     By reason of Decedents' death caused by the negligence and reckless disregard of

the Defendants as aforesaid, their distributes and next of kin have sustained damages in an amount

that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

118.     Wherefore, Plaintiffs pray for judgment as herein set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE-NAMED, PLAINTIFF GLORIA MAWAZO ALLEGES:

119.     Plaintiff incorporates and repeats all the above paragraphs in their entirety with the

same force and effect as if set forth fully herein.

120.     At all times hereinafter mentioned, Plaintiff GLORIA MAWAZO, was the wife of

decedent SHARIFU, and was entitled to his services, society, consortium and companionship.

121.     As a direct and proximate result of Defendants' negligence and wrongful conduct

causing the death of SHARIFU, Plaintiff GLORIA MAWAZO, has suffered the loss of consortium

20

FILED: ERIE COUNTY CLERK 03/22/2024 11:52 PM          INDEX NO. 804324/2024

NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 03/22/2024

of her husband, including the loss of love, service, society, comfort, affection, moral support, companionship, paternal care, protection, attention, and support her husband and father to her child.

122.     As a result of the foregoing, Plaintiff GLORIA MAWAZO has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS, ABOVE-NAMED, PLAINTIFFS ALLEGE AS FOLLOWS:

123.     Plaintiff incorporates and repeats all the above paragraphs in their entirety with the same force and effect as if set forth fully herein.

124.     As set forth above, the actions of the Defendants constituted extreme and outrageous conduct, done with the negligent disregard of the substantial probability of causing the severe emotional distress of the decedents, and as a result of Defendants' conduct and actions, Plaintiffs suffered extreme emotional distress.

125.     That by reason of the foregoing, Plaintiffs have been caused to sustain severe emotional distress, mental anguish, and other losses and injuries.

126.     As a result of the foregoing causes of action, Plaintiffs also claims punitive damages against the Defendants in an amount that exceeds the jurisdictional requirements of all lower Courts that would otherwise have jurisdiction.

127.     This action falls within one or more of the exceptions set forth in CPLR § 1602.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment as follows:

FILED: ERIE COUNTY CLERK 03/22/2024 11:52 PM

NYSCEF DOC. NO. 1

INDEX NO. 804324/2024

RECEIVED NYSCEF: 03/22/2024

a. As to all Counts and all DEFENDANTS, damages to the Plaintiffs according to proof including as applicable:

    i.     Past and future medical expenses of Plaintiffs;

    ii.    Cost of burial and other funeral expenses;

    iii.   Other economic loss;

b. As to all Counts and all DEFENDANTS, non-economic damages according to proof including as applicable:

    i.     Compensation for physical pain and discomfort;

    ii.    Compensation for fright, nervousness, anxiety, worry, and apprehension;

    iii.   Loss of society, companionship, comfort, consortium, or protection;

    iv.   Loss of filial care, love and affection;

c. As to all Counts and all DEFENDANTS, punitive damages to the extent permitted by law against each such DEFENDANT in such amounts as the court or jury may award.

d. As to all Counts and all DEFENDANTS, awarding reasonable costs to Plaintiffs as provided by law; and

e. As to all Counts and all DEFENDANTS, granting all such other relief as the Court deems necessary, just and proper.

DATED:     Buffalo, New York
             March 22, 2024

                                        **PENBERTHY LAW GROUP LLP**

                                        By: */s/ Brittany L. Penberthy, Esq.*
                                        BRITTANY L. PENBERTHY, ESQ.
                                        Attorneys for Plaintiffs
                                        Office and P.O. Address
                                        227 Niagara Street
                                        Buffalo, New York 14201
                                        (716) 803-8402

22