UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

GLORIA MAWAZO, individually and
as Administratrix of the ESTATE OF
ABDUL SHARIFU, Deceased, and
PHYLLIS JACKSON as Administratrix
of the ESTATE OF LEDRISE N.
CURRY, Deceased,

        Plaintiffs,

v.

CITY OF BUFFALO, MAYOR BYRON
BROWN, COUNTY OF ERIE, and
COUNTY EXECUTIVE MARK
POLONCARZ,

        Defendants.

24-CV-583 (JLS) (JJM)

___

## DECISION AND ORDER

On March 22, 2024, Plaintiffs commenced an action in Supreme Court, Erie County asserting various claims against the City of Buffalo and Mayor Byron Brown (collectively, the "City Defendants"), as well as the County of Erie and County Executive Mark Poloncarz (collectively, the "County Defendants"), based on a storm that affected the City of Buffalo and surrounding areas in December 2022. *See* Dkt. 1-1. Defendants removed the action to this Court on June 21, 2024. Dkt. 1. The case has been referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 2.

Before the Court are motions to dismiss filed by the City Defendants (Dkt. 12) and the County Defendants (Dkt. 10). Plaintiffs opposed both motions. Dkt. 15, 16. Defendants did not reply.

On April 10, 2025, Judge McCarthy issued a Report and Recommendation ("R&R") recommending that "the motions to dismiss [10, 12] be granted with respect to plaintiff Mawazo's second cause of action, and that the matter be remanded to New York State Supreme Court, Erie County for consideration of the remaining claims." Dkt. 17 at 11. No party filed objections, and the time to do so has expired.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court has reviewed the R&R and the relevant record. Based on that review, the Court accepts and adopts Judge McCarthy's recommendation to dismiss Plaintiffs' second cause of action.

In addition, the Court accepts Judge McCarthy's recommendation to remand the matter to state court for consideration of the remaining claims. District courts "have supplemental jurisdiction over state-law claims 'that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121–22 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(a)). Here, this Court has supplemental jurisdiction over Plaintiffs' state-law claims because they arise from the same core set of facts as Plaintiffs' federal claims.

2

Subsection (c) of Section 1367 "'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse'" to exercise supplemental jurisdiction. *Id.* at 122 (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Of "particular relevance here, a district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1367(c)(3)). Once "a district court's discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity . . . in deciding whether to exercise jurisdiction." *Id.* (internal citation and quotation marks omitted).

Here, the Court's discretion is triggered under § 1367(c)(3) because Plaintiffs' federal claims are dismissed. The Court, furthermore, declines to exercise supplemental jurisdiction in the interests of economy, convenience, fairness, and comity. *See Sunnen v. New York State Dep't of Health*, 544 F. App'x 15, 17 (2d Cir. 2013) ("In situations where the removed federal claims have been dismissed, we have noted that 'concerns of comity and of federalism . . . encourage remanding to the state courts cases in which state court adjudication can properly claim primacy of interest'") (quoting *Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 562–63 (2d Cir. 1978)).

For the reasons above and in the R&R, the [10] and [12] motions to dismiss are GRANTED with respect to Plaintiffs' second cause of action. The case is remanded to Supreme Court, Erie County for consideration of the remaining claims. The clerk of

3

court shall close this case and effectuate the remand.

SO ORDERED.

Dated:     May 2, 2025
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE